[No. 33633. Department Two. March 7, 1957.]

*In the Matter of the Estate of* DOVIE DOUGLAS, *Deceased.*

THE DEPARTMENT OF PUBLIC ASSISTANCE, *Appellant,* v. MAGNOLIA HENDERSON, *as Executrix, Respondent.*[1]

[1]Reported in 308 P. (2d) 241.

*The Attorney General, Moksha W. Smith,* and *John F. Hansler, Assistants,* for appellant.

*J. Harold Anderson,* for respondent.

HILL, C. J.—The question here presented involves the interpretation of the proviso which is part of § 36, chapter 174, Laws of 1953, p. 367 [*cf.* RCW 74.08.111]. That section, with the proviso italicized, is as follows:.

"Chapter 74.08, RCW, shall have added thereto a new section to read as follows:

"Upon the death of a person who has been a recipient of old age assistance the total amount paid under the provisions of this act shall be a debt due the state and a claim for said debt shall be filed in accordance with RCW 11.40.010, and as hereafter amended: *Provided, That if the heirs, devisees or legatees of any recipient of old age assistance shall demonstrate to the satisfaction of the probate court that they were financially unable to render him support during the period in which he was such a recipient, the amount paid under the provisions of this act shall not be a debt due the state, and said heirs, devisees or legatees shall take free of any such claim.*

"Procedure for the allowance of such claims shall be in accordance with chapter 11.40, RCW, and as hereafter amended, and shall be subject to chapter 11.52, RCW, and as hereafter amended.

"The claim of the state shall have preference to the claims of all unsecured creditors, except funeral expenses, expenses of last sickness and of administration.

"Such claims shall not be enforced against any real estate while it is occupied by the surviving spouse or dependent children of the recipient, unless it becomes necessary for the state to protect its position as against another creditor or creditors, but the statute of limitations shall be tolled as to the state and the time that the collection is prohibited under this section shall not be a part of the time limited for the commencement of action. All recoveries under this act shall be distributed between the county, state and federal government, respectively, in the proportion they have contributed assistance to such recipient.

"The provisions of this section shall also apply to any person or his estate receiving benefits of any public assistance

which materially improved or benefited any real estate owned by the recipient while benefiting from public assistance under this act or at his death." (Italics ours.)

The enactment of this section of the statute, apart from the proviso, was recommended by the Washington state legislative council in its third biennial report. The meaning, except that of the proviso, is clear. It was intended that the state should be reimbursed for payments under the old age assistance act when the recipients of such assistance leave estates at their death from which such repayment can be made. With such a right of reimbursement, it is practicable for the state to permit people with substantial resources in their homes and furnishings to receive old age assistance while retaining ownership of and residence in those homes, and a surviving spouse and dependent children are protected in their continued occupancy of the home.

There is nothing in the House or Senate journal to indicate the purpose of the proviso, other than the words of the proviso itself, which was added by amendment from the floor when the measure was before the Senate. This proviso can produce ridiculous results, such as depriving the state of its right to collect while permitting unsecured creditors to have priority over the heirs, devisees, or legatees of the decedent. Counsel are agreed that some five or six different interpretations have been placed upon it by various superior courts throughout the state. The present appeal is from certain findings of the superior court for Chelan county and from a judgment based thereon.

The facts which led to this litigation are that Dovie Douglas, a recipient of old age assistance from 1953 until January, 1955, died January 19, 1955, leaving an estate which is being probated in Chelan county. The three daughters of Mrs. Douglas are named in her will as her sole devisees and legatees. Two of them, it is conceded, were "financially unable" to render support to the decedent during the period in which she was a recipient of old age assistance. The third daughter, Magnolia Henderson, was found by the trial court to have been "financially unable to render support" to the decedent during the nine months of 1953 in which she re-

ceived old age assistance but financially able to render such support during all of 1954 and January of 1955.

The state filed a claim against the estate for $1,777.50, of which $670.83 was for old age assistance furnished in 1953, when Magnolia Henderson was unable to render assistance, and $1,106.67 was for such assistance rendered during the period in which the probate court found she was able to render assistance.

The probate court concluded that two thirds of the claim must be disallowed, because two thirds of the estate was passing to devisees and legatees who had been "unable to render support" to the decedent during the period she received old age assistance. The probate court concluded, further, that the claim should be allowed against the other one third of the estate, to which Magnolia Henderson would be entitled under the will, only in the amount of $368.89, which is one third of the old age assistance granted to the decedent in 1954 and January of 1955, the period during which the probate court found Magnolia Henderson to have been financially able to render support to the decedent.

The state appeals, insisting that it is entitled to have the entire claim allowed against the estate of Dovie Douglas, and that its claim is a charge against the entire estate, to be paid prior to any distribution to any of the devisees and legatees.

■ We can find no basis for the probate court's attempt to segregate the claim of the department of public assistance and make the distributive share of each legatee and devisee either free from or responsible for a portion of the claim. The right of the state provided for in this statute is a claim against the estate and must be treated as such; it is not a claim against any person's share of the estate. The purpose is to secure reimbursement from the recipient's estate, not from any particular heir, devisee, or legatee.

■ We are not, however, in accord with the state's contention that any heir, devisee, or legatee of a recipient of old age assistance, to establish his financial inability to have rendered assistance to such recipient, must show that he himself was "in need" within the purview of the standards

of living requirements promulgated by the department of public assistance pursuant to statute. The language of the proviso is that the issue of financial ability or inability is to be determined by the probate court. If the legislature had desired the determination to be made by the department of public assistance, it would have said so. .

█ We find no error in the findings of the probate court on the issue of financial ability or inability of the devisees and legatees named in the will of Dovie Douglas; however, we draw a different conclusion from those findings. It appearing that at least one of the devisees and legatees of Dovie Douglas was financially able to render her financial support during at least a part of the period that she was a recipient of old age assistance, the proviso has no application.

The total amount of old age assistance paid by the department of public assistance is a debt due the state from the recipient's estate unless the heirs, devisees, and legatees of that estate can bring themselves within the proviso and demonstrate that they were financially unable to render the recipient assistance during the period she was a recipient, in which event the amount so paid by the state "shall not be a debt due the state." Unless certain words are interpolated, we can read the statute, together with the proviso, only as an all-or-nothing proposition. Either the amount paid by the state to the decedent is a debt due the state or it is not a debt due the state; and the only thing that can prevent its being a debt is for the heirs, devisees, or legatees to "demonstrate to the satisfaction of the probate court"that they were financially unable to render support to the decedent during the period she received old age assistance, not merely that one or some of them were unable to do so. And this one of them failed to do.

The order of the trial court allowing the state's claim in. part is set aside and, on the basis of the facts found regarding the ability of Magnolia Henderson to render financial support to Dovie Douglas, the trial court is directed to modify its order to allow the state's claim in its entirety.

MALLERY, DONWORTH, WEAVER, and OTT, JJ., concur.